86 F.3d 1178
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Paul G. HOLBROOK, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7069.
 United States Court of Appeals, Federal Circuit.
 May 17, 1996.
 
 Before PLAGER, LOURIE, and BRYSON, Circuit Judges.
 PLAGER, Circuit Judge.
 
 
 1
 Claimant-appellant Paul G. Holbrook appeals from a decision of the United States Court of Veterans Appeals (CVA), No. 94-241, affirming a decision of the Board of Veterans' Appeals (BVA or Board) denying his request to reopen his claim for service connection for a lumbar spine disability. We affirm.
 
 DISCUSSION
 
 2
 In this case, the veteran asked the BVA to reopen his case, after twenty years, on the basis of allegedly new and material evidence. The evidence consisted of two letters written by Dr. Adrian Grass, who performed surgery on the veteran in 1965, one dated June 1968, the other dated February 1970. The BVA examined the evidence at great length, evaluated its credibility, and compared the evidence to the extensive record that already existed as a result of the veteran's 1961 claim for service connection, which was denied in 1961, reopened in 1968, denied by the BVA in 1969, and reconsidered and denied by an enlarged Board panel in 1970. As a result of its review, the BVA concluded that the evidence did not add materially to the record, and was not a sufficient basis for reversing the previously-established denial of benefits. The BVA therefore declined to reopen the case, deeming the evidence not to be new and material.
 
 
 3
 On appeal to the CVA, that court held that the evidence was new--it had not been before the BVA previously--and was material to the case since it bore on the question of whether the injury was service related, which was the issue in the case. The CVA therefore disapproved of the BVA conclusion in that regard. However, in light of the thorough review conducted by the BVA of the new evidence, and in view of the BVA determination that there was no basis for arriving at a conclusion different from that already reached in the prior adjudications of the case, the CVA affirmed the determination that the earlier denial of benefits should be left undisturbed.
 
 
 4
 On appeal to us, the veteran argues that when the CVA ruled that the evidence was new and material, it should have remanded the matter to the BVA for further proceedings, allowing the veteran additional opportunity to present his case, and giving him the benefit of the assistance of the Secretary as the law provides. The Government argues that we do not have jurisdiction to review what the CVA did, since what it did turned on what the BVA did, and that is a question of fact, which the statute establishing our appellate review standard puts beyond our reach.
 
 
 5
 What the BVA decided, and what the CVA said about that decision, is indeed a "fact," just as it is a fact that this opinion is addressing that issue. But the substance of all of these decisions is an announcement of law, and if the CVA exceeded its statutory authority in the manner in which it dealt with the BVA decision, that is a question reviewable in this court. Under 38 U.S.C. § 7292(a) (1994), this court has jurisdiction to review a decision of the CVA "with respect to the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [CVA] in making the decision."
 
 
 6
 We believe, however, that if the CVA erred in its handling of the matter, the error was harmless. It is clear beyond peradventure that the BVA did not consider the new evidence presented by the veteran sufficiently persuasive to cause it to reverse the prior determinations in his case. Technically it was new and material, as those terms are understood by the CVA, but substantively it was insufficient to call for a different result. The CVA corrected the record on the technical issue, and upheld the BVA's substantive conclusion. We cannot say that there is error in this that is prejudicial to the veteran. He had full opportunity to develop the record on appeal to the BVA. There is nothing to suggest that the Secretary withheld any assistance requested or appropriate. The bare assertion that the Secretary has a further obligation to assist the veteran in his appeal is unpersuasive when, as here, the record is extensive and there is nothing to suggest that anything more could be asked, beyond the understandable quest for a different result.
 
 
 7
 The judgment of the CVA, upholding the denial of the BVA to modify or change the prior denial of benefits, is affirmed.